Opinion by
Chief Justice LENORA.
This matter comes on upon the appeal of the Sac & Fox Election Board as well as Intervenor George Thurman from an order of the district court sustaining the motion of the Plaintiff/Appellee Dora S. Young to dismiss Cause No. CIV-99-10. This Court holds that the district court erred in dismissing said cause.

PRELIMINARY MATTERS

The Plaintiff/Appellee filed on January 7, 2000, a motion to dismiss the appeal of the Intervenor George Thurman. The allegations contained in said motion were that the appeal filed by Thurman was out of time. The Court finds that said appeal was timely filed pursuant to Title 2, Sec *525 tion 102(a)(Z )(iv), and the Plaintifi/Appel-lee’s motion to dismiss is, therefore, overruled.
Intervenor George Thurman objects to further proceedings in the matter based upon prior representation of the attorney for Plaintiff/Appellee Dora S. Young having previously represented In-tervenor George Thurman in a divorce case 14 years ago. The Court finds no basis whatsoever to conclude that any legal conflict exists from representation by attorney James Lynam for Dora S. Young and overrules the objection of Intervenor George Thurman.
Appellant Election Board and Appellee Dora S. Young both seek appeal-related attorney fees. By virtue of the disposition of this matter- and the reasons cited herein, the request for appeal-related fees for this appeal are denied without prejudice to either party reasserting a request for fees, if appropriate, for proceedings hereinafter conducted in this cause.

FACTUAL BACKGROUND

This is the second appeal related to the 1999 elections for Principal Chief of the Sac & Fox Nation. This Court has previously ruled in Cause No. S.Ct.99-02 that Dora S. Young was entitled, under the terms of the election ordinance adopted by the Governing Council on May 31, 1997 (hereinafter referred to as the “election ordinance”), to have her name placed on the ballot for the election of the office of Principal Chief. This Court specifically declined to reach the constitutional issues addressed by both parties in said appeal. This Court further specifically declined to determine whether the said Dora S. Young was eligible to serve in office under the terms of the election ordinance.
The instant action was commenced by the filing of a petition on August 17, 1999, by Dora S. Young, Plaintiff, v. the Election Board of the Sac & Fox Nation of Oklahoma, Defendant. The petition raises several irregularities concerning a hearing conducted pursuant to the election ordinance by the Election Board on the 9th day of August, 1999. Among the errors raised in the petition were the following: 1) That the protest by George Thurman was filed out of time; 2) That the protest by George Thurman did not meet the requirements of Section 802 of the election ordinance; 3) That the ruling of the Election Board was “illegal.”
The petition also specifically cited it was being brought pursuant to Section 803 of the election ordinance and requested that the order of the Election Board be stayed until a trial de novo pursuant to the election Ordinance be conducted. The petition specifically asks that the matter be set for hearing before the district court.
A trial de novo was initially set for August 24, 1999. At said hearing the Court found that the Plaintiff Dora S. Young had met the five-day requirement to file an appeal from the Election Board’s decision. The Court further found that it had jurisdiction over the matter.
At said hearing Principal Chief Candidate George Thurman appeared pro se. Mr. Thurman orally moved to intervene, and the Court granted said motion to intervene. The Court specifically directed that the Intervenor file a written motion to intervene on or before September 1, 1999. At oral argument before this Court Appel-lee Dora S. Young argued that Intervenor did not file pleadings related to his intervention in a timely fashion. However, this Court finds and holds that the trial court specifically directed Mr. Thurman to file intervention pleadings by September 1, 1999, and the same were timely filed by Intervenor George Thurman.
*526 The trial court then continued the trial de novo until 9:00 a.m., September 8, 1999. This date was after the date for the proposed August 28th elections.
At the same time that the Plaintifí/Ap-pellee Dora S. Young was contesting the decision of the Election Board, Intervenor George Thurman was also contesting the propriety of the primary election conducted on the 24th day of July, 1999. As stated earlier, Plaintiff/Appellee Dora S. Young argues that Intervenor Thurman did not timely contest the primary election and that his request for review of the same did not meet the requirements set forth in Section 802 of the election ordinance. In Intervenor Thurman’s motion to intervene and related brief, he raised two specific allegations under the election ordinance which he alleged invalidated the general election. These two grounds were that the Plaintifí/Appellee Dora S. Young was guilty of misconduct by electioneering on the date of the primary election and further challenged whether or not her name should have been placed upon the ballot due to her ineligibility under the provisions of Section 401 (j) of the election ordinance. In essence, Thurman asserted that because of these allegations, the primary election was invalid and, as a consequence of the Election Board’s stay of its order, he was deprived of the opportunity to be a candidate in the general election and, therefore, the general election was invalid.
At the hearing conducted on the 8th of September, 1999, the Plaintifí/Appellee Dora S. Young made a motion to dismiss the cause as being moot. This motion was objected to both by the Appellant Election Board as well as the Appellant/Intervenor Thurman. Over the objections of these two parties, the court sustained the motion and dismissed Cause No. CIV-99-10. It is from this ruling that both Election Board and Thurman have perfected their appeal.

FINDINGS AND HOLDING

Dismissal of civil actions is controlled under S.F.Code Title 6, Section 122. Subsection (a)(1) provides for voluntary dismissals prior to answers having been filed or by stipulation signed by all parties. This subdivision does not apply to the instant cause. Subparagraph (a)(2) is applicable, however. This section provides in pai't as follows:
An action shall not be dismissed at the Plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counter claim has been pleaded by a defendant prior to the service upon him of the plaintiffs motion to dismiss, the action shall not be dismissed against the defendant’s objection unless the counterclaim can remain pending for independent adjudication by the court.
The granting or sustaining of a motion to dismiss is addressed to the sound discretion of the trial court. An order granting or denying a motion to dismiss will not be overturned by this court unless there is a finding of an abuse of discretion on the part of the trial court.
This court finds, and therefore holds, that the trial court did abuse its discretion in dismissing the cause under the provisions of S.F.Code Title 6, Section 122(a)(2). This holding is based primarily upon this Court’s finding that the motion to intervene and related pleadings filed by Intervenor George Thurman constituted a counter claim which could not be dismissed under the provisions of Section 122 of Title 6 over the objections of the Intervenor.
The right of intervention is controlled by S.F.Code Title 6, Section 309. Under the terms of Section 309, it is clear that George Thurman had the right to intervene in CIV-99-10. The Court also notes *527 that under the provisions of Section 803 of the election ordinance, any candidate for office may intervene in a tribal court review of the decision of the Election Board concerning tribal elections. Thus, Thurman had the right to intei-vene, moved to do so, was granted leave, and did, in fact, intervene. The next question is whether, having intervened, he then filed a counter claim. We find he did.
Appellee challenges whether the motion to intervene and related pleadings filed by Intervenor1 George Thurman constitutes a counter claim. Reference is made to S.F.Code Title 6, Section 108(c)(e) and (flit appears that the intention of the code is to encourage liberal construction of pleadings. It is noted that should there be a mistaken designation of a pleading, the same shall be treated as if the same were properly designated if justice so requires. In addition, technical forms of pleading are not required and all pleadings are to be liberally construed so as to do substantial justice. Under these standards, the Court holds that the motion to intervene and related pleadings filed by Intervenor George Thurman constitute a counter claim requesting affirmative relief. The matters raised by Inteivenor’s pleadings were clearly justiciable due to the fact that the Intervenor came in “third place” in the primary election and, at least arguably, should all of his allegations be sustained upon judicial review, could invalidate the entire election.
This Coui't is not holding, however, that the Intervenor’s allegations have merit. That specific issue is to be decided by the trial court pursuant to the provisions of the election ordinance and all other pertinent statutes and constitutional provisions. The Court is convinced, however, that the trial coui't was without authority to dismiss the entire cause in light of the fact that there was what we have found to be a counter claim before the court by Interve-nor George Thurman and that the Interve-nor objected to the dismissal of the cause as was his right under the provisions of Title 6, Section 122. Further, there is nothing found in the record that indicates the trial court left Thurman’s counterclaim pending for “independent adjudication by the trial court.”
It is, therefore, the holding of this Court that the trial court abused its discretion in dismissing CIV-99-10 by virtue of the fact that there was then pending a counter claim on behalf of Intervenor George Thurman and the fact that George Thurman objected to the dismissal of said cause.
This matter is now remanded to the district court to conduct a trial de novo pursuant to Section 803 of the election ordinance. It is noted that any other candidates for office may intervene in said court review under the provisions of Section 803 of the election ordinance. Since the Plaintiff/Appellee raised alleged irregularities in the Inteivenor’s election protests in her petition, and her petition was dismissed without prejudice, it will be the order of this Court that she be permitted to urge such matters if she chooses.
The district court may desire to realign parties or consolidate this cause with any other causes currently pending that challenge the 1999 elections. It is encouraged that all necessary parties be notified of said trial de novo and that sufficient time be allowed to interested parties to intervene so that this matter can be determined with finality.
The trial court’s attention is also directed to the provisions of Section 803 of the election ordinance in regard to the necessary determination to invalidate a tribal election.
*528 The cause is remanded to the district court for proceedings consistent with this opinion.
Concurring: MARK PHELPS, Special Justice; CHRISTOPHER HAMM, Special Justice; FRANCIS GRANT, Associate Justice.
Not Participating: SHERRIN WATKINS, Associate Justice.
Recused: JIM MERZ, Associate Justice; JOHN J. McCLELLAND, Associate Justice.